United States District Court
Southern District of Texas

**ENTERED**
August 31, 2022
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| DAISY CASTILLO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:21-CV-00162 |
| | § | |
| KRIS ALLEN BECKA, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is a motion to dismiss for want of prosecution, pursuant to

Federal Rule of Civil Procedure 41(b), filed by Defendant Kris Allen Becka, proceeding *pro se*.

For the reasons explained below, the undersigned recommends that the motion be GRANTED,

and that this action be DISMISSED with prejudice.

### A. *Jurisdiction.*

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.  This case has

been referred to the undersigned magistrate judge for case management and recommendations on

dispositive motions pursuant to 28 U.S.C. § 636.

### B. *Procedural history: Plaintiff files suit, but her counsel withdraws after San Patricio County is dismissed as a defendant.  Plaintiff fails to hire new counsel, and then stops all activity in this case.*

Daisy Castillo ("Plaintiff") filed this 42 U.S.C. § 1983 action on August 6, 2021 against

Kris Allen Becka[1] and San Patricio County for her personal injuries stemming from an August

30, 2020 incident in which Plaintiff was shot by Becka.  On November 5, 2021, the district court

---

[1] Specifically, Plaintiff alleges that Becka, a former sheriff's deputy employed by the San Patricio County Sheriff's Office, violated her constitutional rights when Becka shot and unlawfully detained Plaintiff.  (Doc. No. 1, p. 3.)

granted San Patricio County's motion to dismiss, leaving Becka ("Defendant") as the only

remaining defendant in this case.  *See* Doc. No. 19.  On March 24, 2022, the district court

granted Plaintiff's counsel's motion to withdraw.  *See* Doc. Nos. 29, 30.  As a result of this

withdrawal, both parties are now *pro se* in this action.  On May 12, 2022, this case was referred

to the undersigned for all pretrial purposes.  *See* Doc. No. 31.

The undersigned held a status conference on May 19, 2022, with both parties in

attendance via Zoom.  At that hearing, Plaintiff indicated that she was attempting to hire a new

attorney and would provide the Court with an update once she obtained new counsel.[2]  Plaintiff

requested at least one month to continue this search.  Furthermore, Plaintiff stated that while she

intended to proceed with her case, she would not wish to proceed with the case should she fail to

obtain counsel.  The Court also addressed the several deadlines that had expired between the

time Plaintiff's counsel withdrew and the May 19 hearing.[3]  The Court scheduled an additional

status conference for June 17, 2022, to receive an update on Plaintiff's efforts to obtain counsel

and proceed with the case.

The May 19 hearing was the last time the Court heard from Plaintiff.  Plaintiff failed to

provide any written update regarding her attempt to obtain counsel.  She also did not appear at

the June 17, 2022 status conference, despite the Court's notice to Plaintiff and multiple attempts

to reach her.  At the June 17 hearing, after taking notice of Plaintiff's absence, the Court

informed Defendant that it would be willing to entertain a motion to dismiss this case.  On July

---

[2]  At the hearing, Plaintiff explained that she was actively searching for new counsel, but was encountering difficulties in retaining counsel.

[3]  For example, Plaintiff's designation of experts was to take place on or before April 1, 2022.  (Doc. No. 20.)  When asked if Plaintiff had an update regarding this designation, she responded that she did not.

20, 2022, Defendant filed this motion to dismiss for want of prosecution.  (Doc. No. 34.)

Plaintiff has not filed a response.

### C. Dismissal under Federal Rule of Civil Procedure 41(b).

Federal Rule of Civil Procedure 41(b) provides that if "the plaintiff fails to prosecute or

to comply with these rules or a court order, a defendant may move to dismiss the action or any

claim against it."  *See* Fed. R. Civ. P. 41(b).  Pursuant to this rule, "[a] district court has the

inherent authority to dismiss an action *sua sponte* for failure to prosecute, with or without notice

to the parties."  *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997) (*per curiam*) (citations

omitted).  "This [Rule 41(b)] authority flows from the court's inherent power to control its

docket and prevent undue delays in the disposition of pending cases."  *Boudwin v. Graystone Ins.*

*Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-

631 (1962)).  Furthermore, "[t]he decision to grant a motion to dismiss for failure of prosecution

lies within the court's discretion and can be reversed only for an abuse of that discretion."  *Gist*

*v. Lugo*, 165 F.R.D. 474, 477 (E.D. Tex. 1996) (collecting cases).

### D. Dismissal is warranted, because Plaintiff failed to update the Court regarding her search for new counsel, failed without excuse to attend a scheduled hearing, failed to respond to Defendant's motion to dismiss, and failed otherwise to communicate with the Court.

Since the May 19, 2022 status conference, Plaintiff has failed to communicate with or

update the Court in any manner.  While Plaintiff may have encountered obstacles in obtaining

new counsel, the Court allowed Plaintiff ample time to search for a new attorney and to provide

an update to the Court.  Not only did Plaintiff fail to provide any update, she also did not appear

at the June 17, 2022 status conference, and she has not responded to Defendant's motion to

dismiss.  Plaintiff's complete inaction in this case leaves the Court with the unambiguous

conclusion that Plaintiff has abandoned her case.  *Cf. Gilmore v. Guild Mortg. Co., L.L.C.*, No.

3 / 7

1:21-CV-00621-MAC-ZJH, 2022 WL 2712385, at *1 (E.D. Tex. Feb. 22, 2022), *adopted*, No.

1:21-CV-00621, 2022 WL 2712382, at *1 (E.D. Tex. Mar. 10, 2022) (finding dismissal

appropriate under Rule 41(b) where the plaintiff failed to confer with the defendant and failed to

respond to the defendant's motion to dismiss); *Douglas v. Zabransky*, No. H-18-4168, 2019 WL

3628748, at *1 (S.D. Tex. July 18, 2019) (Johnson, M.J.), *adopted*, 2019 WL 3570451, at *1

(S.D. Tex. Aug. 5, 2019) (Miller, J.) (finding dismissal was warranted and that the plaintiff had

"abandoned her suit" where the plaintiff, among other things, failed to comply with court orders,

failed to respond to the defendant's motion to dismiss, and did not appear at a scheduling

conference); *Connely v. City of Pascagoula*, No. 1:11-CV-293-HSO-JMR, 2013 WL 2182944, at

*2 (S.D. Miss. May 20, 2013) (granting a motion to dismiss for want of prosecution where the

plaintiffs failed to take action in the case, contact the court, and comply with court orders);

*Martin v. Gilbert*, No. 1:12-CV-327-HSO-RHW, 2013 WL 4014990, at *2 (S.D. Miss. Aug. 6,

2013) (same).

     Moreover, at the May 19, 2022 hearing, Plaintiff expressly stated that should her efforts

to obtain counsel remain unsuccessful, she did not wish to proceed with this case.  To date, no

notice of appearance or any other information has been proffered suggesting that Plaintiff

obtained new counsel.  This absence of information further indicates to the Court that Plaintiff

has remained unsuccessful in her efforts.  Therefore, in addition to Plaintiff's record of inaction,

Plaintiff's inferred failure to obtain counsel further indicates that Plaintiff intends to abandon this

case.

     More than three months have elapsed since Plaintiff has taken any action of record in this

case.  During this time, Plaintiff has been afforded ample opportunity to communicate her

intention to advance this action, whether by attending the June 17 status conference, by notifying

the Court of the status of her search for counsel, or by responding to Defendant's motion to dismiss. She has not done so. Plaintiff has failed to prosecute her case, and dismissal is appropriate.

### E. Dismissal with prejudice is appropriate.

Generally, a dismissal for failure to prosecute is without prejudice. *Ray v. Johnson & Johnson*, No. 1:20-CV-129-DMB-RP, 2021 WL 1030987, at *1 (N.D. Miss. Mar. 17, 2021) (citations omitted). The Fifth Circuit has recognized that "a dismissal with prejudice for failure to prosecute is an extreme sanction which is to be used only when the integrity of the judicial process is threatened by plaintiff's conduct in such a way that the court is left with no choice except to deny that plaintiff its benefits." *Gist*, 165 F.R.D. at 477 (citing *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988)). A court may dismiss with prejudice for failure to prosecute "'only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that provide to be futile.'" *See Somers v. UT MD Anderson Cancer Ctr.*, No. 4:19-CV-00390, 2022 WL 1138260, at *2 (S.D. Tex. Apr. 18, 2022) (Hanen, J.) (quoting *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)).

However, "when the applicable statute of limitations would bar re-filing, the dismissal is properly deemed with prejudice." *Ray*, 2021 WL 1030987, at *1 (citing *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018)). "In Texas, the limitations period for a claim brought under section 1983 is determined by the general statute of limitations governing personal injuries." *Vernon v. City of Dallas*, No. 3:08-CV-1068-B, 2009 WL 2486033, at *2 (N.D. Tex. Aug. 13, 2009) (internal quotations and citations omitted). Indeed, "it is well established in the

Fifth Circuit . . . that Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) is the applicable statute of limitations in all § 1983 actions brought in Texas." *Id.* at \*2, n.3 (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 576 n.10 (5th Cir. 2001)).   Under this provision, the person must bring suit for personal injury "not later than two years after the day the cause of action accrues."   Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a).

In this case, dismissal with prejudice is the appropriate choice.   Plaintiff's conduct has manifestly indicated her intent to abandon this action.   The Court gave Plaintiff ample time to find new counsel, and scheduled a status conference to receive an update on that effort.   Plaintiff failed to appear at the hearing, failed to provide the Court with an update, and failed to request additional time to find a new attorney.   All the evidence indicates that Plaintiff has abandoned her case, as she suggested she would do if she failed to find new counsel.   By contrast, no evidence indicates that Plaintiff still intends to proceed with this case.   Additionally, and perhaps most significantly, the statute of limitations would bar re-filing of Plaintiff's case.   The incident giving rise to this lawsuit occurred on August 30, 2020, more than two years ago.   Therefore, should this case be dismissed, it would effectively preclude this action from being re-filed.   *See Ray*, 2021 WL 1030987, at \*1.   Because Plaintiff could not re-file her case, dismissal with prejudice is appropriate.

### F.   Recommendation.

For these reasons, the undersigned finds that Plaintiff's failure to prosecute this case warrants dismissal pursuant to Federal Rule of Civil Procedure 41(b).   Furthermore, because Plaintiff's cause of action accrued on August 30, 2020, the date of the incident that forms the basis of this action, the two-year statute of limitations for this § 1983 action has expired.   Accordingly, the undersigned recommends that Defendant's motion to dismiss (Doc. No. 34) be

**GRANTED** and that this case be **DISMISSED with prejudice** pursuant to Fed. R. Civ. P. 41(b).

### G. *Notice*.

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **14 days** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **14 days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

SIGNED on August 31, 2022.

MITCHEL NEUROCK
United States Magistrate Judge